HELLIWELL GARAGES, Incorporated, *vs.* BENJAMIN FEINBERG.

Suffolk. January 13, 14, 1920. — March 5, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Attachment,* Officer, Keeper. *Practice, Civil,* Costs.

In an action where an attachment was made of an automobile stored upon premises of the plaintiff and, without removing the automobile, the officer placed it in the custody of a keeper and at the end of ten days removed it to another part of the plaintiff's premises where it was secured by a chain fastened and locked across the rear wheels, the trial judge as a part of the plaintiff's taxable costs allowed the officer's charges of $10 for custody and $60 for keeper and disallowed $17 claimed for storage. *Held,* that under St. 1913, c. 611, § 1, a charge of $10 for custody was permissible and that, the allowance of $60 for keeper not being a manifest error of law, was not reviewable by this court, it being within the discretion of the judge to allow for a keeper's charge an amount in excess of $2 a day for ten days.

CONTRACT with a declaration upon an account annexed for $74 alleged to be due to the plaintiff for storage of the defendant's automobile. Writ in the Municipal Court of the City of Boston dated February 20, 1919.

At the trial in the Municipal Court the judge found that the plaintiff was entitled to recover the amount claimed for storage. Later there was a hearing before the judge upon the question of taxation of costs. The evidence at the hearing is described in the opinion.

The defendant disputed the right of the plaintiff or of the attaching officer to incur expenses for keeper's fees, custody and storage charges under the circumstances stated, and requested the following rulings:

"1. That an officer has no right to make use of the tenement of one person to keep goods attached on a writ against another for a longer period than is reasonably necessary to remove them.

"2. That the permanent stationing of a keeper of attached property is not warranted by law, and a charge therefor cannot be legally included in the taxable costs.

"3. That on all the law and facts of the case the constable's charges for fees for custody should be disallowed.

"4. That on all the law and facts of the case the constable's charges for fees for keeper should be disallowed.

"5. That on all the law and facts in the case the constable's charges for fees for storage should be disallowed."

The judge denied the first ruling, found that the second ruling was not in accordance with the facts in the case, denied the third and fourth rulings, and made the fifth ruling. He found that the officer's fees should be taxed at $74.50, which included $3.50 for copies and service of the writ and travel and $71 for attachment, custody and keepers, and reported the case to the Appellate Division, who dismissed the report. The defendant appealed.

St. 1913, c. 611, § 1, reads as follows:

"The fees of sheriffs, deputy sheriffs, and constables for the service of civil process shall be as follows. . . .

"For the custody of personal property attached, replevied or taken on execution, not more than two dollars for each day of not more than eight hours for the keeper while he is in charge, and not more than one dollar a day for the officer for a period not longer than ten days; but the officer may be allowed a greater compensation for himself or for his keeper, or compensation for a longer period, by the written consent of the plaintiff and the de-

fendant whose property has been attached, replevied or taken upon execution, or by order of the court upon a hearing. . . ."

*W. Charak,* for the defendant.

*D. B. Keniston,* for the plaintiff.

BRALEY, J.  The trial judge found that at the date of the attachment the defendant's automobile was stored on the premises of the plaintiff, where it remained during the entire period for which as part of the plaintiff's taxable costs the officer's charges for the attachment, custody and keeper's fees are claimed.  The attachment being lawful, the charge therefor is in accordance with St. 1913, c. 611, § 1.  The defendant, however, contends that charges for the custody of personal property is limited by § 1 to "not more than two dollars for each day of not more than eight hours for the keeper while he is in charge, and not more than one dollar a day for the officer for a period not longer than ten days," and that, the officer after ten days having discharged the keeper and moved the automobile from the third to the first floor of the building where it was secured by a chain fastened and locked across the rear wheels, his fees are excessive.

The return shows a charge of $10 only for custody, which amount being permitted by statute, the defendant's complaint is restricted to the item for keeper's fees.  The question of how much should be allowed where the claim is for more than ten days, is also regulated by the statute, which further provides, that "the officer may be allowed a greater compensation for himself or for his keeper, or compensation for a longer period . . . by order of the court upon a hearing."  The amount, if greater compensation is asked, is expressly left to the sound discretion of the court, which is reviewable only for manifest error of law.

We are accordingly of opinion that the defendant's requests in so far as not given were rightly denied, and the rulings having been correct, the order dismissing the report should be affirmed.

*So ordered.*